UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

APRIL ADKINS, *et al.*,

    Plaintiffs,

v.   Case No. 5:18-cv-271-MCR/MJF

LOUIS S. ROBERTS, III, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This section 1983 action is before the undersigned on Defendant Louis S. Roberts, III's, "Motion for Sanctions Pursuant to Rule 11, Federal Rules of Civil Procedure." (Doc. 153). For the reasons set forth below, the undersigned recommends that the District Court deny Defendant's motion without prejudice.

### I. BACKGROUND

Defendant asserts that this civil action is frivolous. (*Id.* at 4). Defendant, therefore, asks this court to award attorney's fees and costs.

Plaintiff filed a response in opposition to Defendant's motion. (Doc. 155). Plaintiff argues that Defendant's motion

> improperly requests that this Court apply the benefits of hindsight, weigh the evidence, resolve any conflicts against ADKINS and, doing so, find that ADKINS' "claims" are therefore frivolous, even though the so-called "undisputed" facts do not in fact dispose of *all* of

ADKINS' CLAIMS. ADKINS notes that the SHERIFF has *not* filed any motion for summary adjudication, based on what the SHERIFF contends in this motion is claim-defeating "undisputed" evidence.

(*Id.* at 5).

Despite his contention that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law, Defendant has not yet filed a motion for summary judgment. Defendant's deadline to file a motion for summary judgment is July 30, 2021. (Doc. 148).

## II. Discussion

Defendant's motion is premature insofar as it necessarily seeks a ruling on the merits of this civil action. Defendant should have deferred filing his motion until he had first moved for summary judgment. That course of action would require the District Court to wade into the merits of the case only once. In contrast, to address Defendant's motion for sanctions and a motion for summary judgment will require the District Court to address the underlying merits of this case twice. "The federal judiciary is a system of scarce resources . . . ." *Barmapov v. Amuial*, 986 F.3d 1321, 1327 (11th Cir. 2021) (Tjoflat, J., concurring). Federal courts, therefore, strive for efficiency and to avoid duplicative litigation. *See Georgia ex. rel. Olens v. McCarthy*, 833 F.3d 1317, 1321 (11th Cir. 2016) (noting that regard for "conservation of judicial resources" and "considerations of wise judicial administration" counsel in favor of avoiding duplicative efforts in litigation)

(internal quotations omitted); *In re Jimmy John's Overtime Litig.*, 877 F.3d 756, 762 (7th Cir. 2017) ("Avoiding duplicative litigation is desirable 'to prevent the economic waste . . . which would have an adverse effect on the prompt and efficient administration of justice.'") (internal quotations omitted); *Harris v. Garner*, 216 F.3d 970, 997 (11th Cir. 2000) ("The American legal system encourages the efficient resolution of claims[.]") (Tjoflat, J., concurring in part).

Consistent with this, courts generally should not delve into the question of sanctions regarding the merits of a case until the conclusion of the underlying litigation. *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) ("Although the timing of sanctions rests in the discretion of the trial judge, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter.") (internal quotations omitted); *see Lichtenstein v. Consolidated Serv. Group, Inc.*, 173 F.3d 17, 23 (1st Cir. 1999) (emphasizing that courts should defer consideration of sanctions motions until the end of the litigation "to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits").

For these reasons, the District Court should deny Defendant's motion without prejudice so that Defendant can raise the issue of sanctions only after he has first perfected a motion for summary judgment. At that point, the District Court would

be in a better position to determine whether Plaintiff's claims have any merit or, as Defendant contends, are frivolous.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

Defendant's "Motion for Sanctions Pursuant to Rule 11, Federal Rules of Civil Procedure" (Doc. 153) be **DENIED** without prejudice.

At Pensacola, Florida, this 23rd day of April, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**